UNITED STATES DISTRICT COURT  ECF Case
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FRANCES K. GRACE,  Civil Action No.: 07 Civ. 6522(BSJ)

                       Plaintiff,  **COMPLAINT**

  - against -

CBS COMBINED PENSION PLAN and RETIREMENT
COMMITTEE OF CBS CORPORATION, as Plan
Administrator,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff, FRANCES K. GRACE, by her attorneys, SAPIR & FRUMKIN LLP, as and for her Complaint against Defendants, CBS COMBINED PENSION PLAN and RETIREMENT COMMITTEE OF CBS CORPORATION, as Plan Administrator, alleges as follows:

## I. NATURE OF CLAIM

      1.      This is an action brought to redress violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendant, CBS Combined Pension Plan, is a conglomeration of employee pension plans that were merged as a result of the evolving corporate structure of the sponsoring employer, CBS Corporation, and the various corporate entities that it encompasses and which preceded it. Plaintiff, Ms. Grace, is a thirty year employee of CBS Corporation, its subdivisions, subsidiaries and/or predecessors, including Viacom, Westinghouse, CBS Broadcasting, Inc., CBSNews.com, CBS News/Radio and 1010 WINS Radio. As an employee on payroll who worked in excess of 1000 hours per year, Ms. Grace is entitled to service credits for each of her years of service. Ms. Grace, however, was informed in July 2001 that she would not receive credit for each of her years of employment through that date. Accordingly, plaintiff brings

her cause of action to enforce and clarify her rights to benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B).

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court to adjudicate claims is invoked pursuant to ERISA 29 U.S.C. § 1132, and 28 U.S.C. §§ 1331, 1337 to enforce provisions of ERISA 29 U.S.C. §§ 1001, *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. This Court is one of proper venue pursuant to ERISA, 29 U.S.C. § 1132(e) because the relevant employee benefit plans are administered in this District, one or more defendants resides or may be found in this District, the alleged breaches took place in this District, and pursuant to 28 U.S.C. § 1391, because the causes of action arose in this District.

## III. PARTIES

4. Plaintiff Frances K. Grace is an employee of CBS Corporation. Ms. Grace has been an employee of CBS Corporation, its subdivisions, subsidiaries and/or predecessor companies (collectively referred to as "CBS") for the period from on or about August 12, 1976 to date. She only has worked for CBS at its facilities located in New York City. As a result of her employment, Ms. Grace is entitled to benefits under employee benefits plans established and/or maintained by CBS. These plans include the Defendant CBS Combined Pension Plan ("CCP Plan"), and several of its component plans. Ms. Grace is a participant in these employee benefit plans within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). Ms. Grace resides in New York, New York.

5. Upon information and belief, at all relevant times Defendant CPP Plan is and has been an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). Upon information and belief, at all relevant times, CBS and its predecessors have been the plan sponsor

of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).  Upon information and belief, at all relevant times CBS and its predecessors, either directly or through its agent, Defendant Retirement Committee of CBS Corporation, and/or its employees have been the administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). Upon information and belief, the administrative offices of Defendant CCP Plan are, and have been at all relevant times, located in New York, New York.

## IV.  **RELEVANT FACTS**

6. For all times relevant to this action, Ms. Grace was a member of the Writers Guild of America, East.

7. On August 12, 1976, Ms. Grace commenced her employment with 1010 WINS Radio, a predecessor of CBS.  At that time, 1010 WINS Radio was a unit of Westinghouse Electric Corporation.

8. Ms. Grace remained a full-time employee on the payroll of 1010 WINS Radio from August 12, 1976 until on or about May 23, 1993.

9. For each year that she was employed by 1010 WINS Radio, Ms. Grace received a W-2 from the company.

10. In 1976, Ms. Grace worked approximately 608 hours for 1010 WINS Radio.

11. For each of the years from 1977 through 1992, inclusive, Ms. Grace worked in excess of 1000 hours for 1010 WINS Radio.

12. For each year in which she was employed by 1010 WINS Radio, Ms. Grace was issued a W-2 statement by the company

13. Throughout the period of her employment with 1010 WINS Radio, there existed the

Westinghouse Pension Plan ("WPP"), an ERISA pension plan sponsored by the employer for the benefit of qualifying employees.

14. Upon information and belief, full-time, active employees who were recorded on the payroll records of the sponsoring employer were eligible participants in the WPP.

15. Upon information and belief, as a result of successful arbitrations by the Writers Guild in or about 1978 and 1981, Ms. Grace was credited for pension service for the periods of time in which 1010 WINS Radio wrongly classified her as a freelance employee and excluded her from participation in the WPP.

16. Notwithstanding her misclassification, Ms. Grace was entitled to receive pension credits during the period of time she worked as a freelance writer, acting editor, news production assistant and desk assistant, because she was a full-time employee on the payroll records of 1010 WINS Radio.

17. On or about May 27, 1993, Ms. Grace commenced full-time employment with CBS News/Radio, a unit of CBS News and part of CBS, its corporate predecessors and successors.

18. Ms. Grace remained a full-time employee on the payroll records of CBS News throughout her employment with the company.

19. For each year in which she was employed by CBS News/Radio, Ms. Grace was issued a W-2 statement by the company.

20. On or about April 10, 2000, Ms. Grace commenced full-time employment with CBSNews.com, also a unit of CBS News and part of CBS, its corporate predecessors and successors.

21. Ms. Grace was laid off by CBS effective April 6, 2001, but was re-employed by the

company as a full-time employee on September 12, 2001. She has continued to be a full-time employee to date.

22.   Except for the brief period during which she was laid off, throughout the tenure of her employment with CBSNews.com, Ms. Grace has been a full-time employee on the payroll records of the company.

23.   For each year in which she was employed by CBSNews.com, Ms. Grace was issued a W-2 statement by the company.

24.   For each of the years from 1993 through 2001, inclusive, Ms. Grace worked in excess of 1000 hours for CBS News Radio and/or CBSNews.com.

25.   From the commencement of her employment with CBS News/Radio and CBSNews.com until December 31, 1997, there existed the CBS Pension Plan ("CBS Plan"), an ERISA pension plan sponsored by the employer for the benefit of qualifying employees.

26.   Upon information and belief, full-time, active employees who were recorded on the payroll records of the sponsoring employer were eligible participants in the CBS Plan.

27.   On or about December 31, 1997, as a result of acquisition of CBS by Westinghouse, the Defendant CCP Plan was created, which contained as components, *inter alia*, the WPP and CBS Plan.

28.   On or about April 1, 1999, the CBS Cash Balance Plan was created as a component of Defendant CCP Plan.

29.   Upon information and belief, full-time, active employees who were recorded on the payroll records of the sponsoring employer were eligible participants of the CBS Cash Balance Plan component of Defendant CCP Plan.

30.   After her temporary separation from employment in April 2001, Ms. Grace requested

clarification from Defendant CCP Plan as to her benefit entitlements under the various components of the Plan.

31.    Thereafter, Ms. Grace received a letter from Defendant CCP Plan, dated July 19, 2001, wherein it was contended that she had attained only 2.6667 years of service in the CBS Plan.

32.    Ms. Grace then received a letter from Defendant CCP Plan, dated July 26, 2001, wherein it was contended that she had attained only 12.852 years of service in the WPP (referred to as "Group W" Plan).

33.    Ms. Grace did not agree with the service credit determination by Defendant CCP Plan and, by her attorneys at the time, sought review, clarification and correction.

34.    After numerous telephone calls and letters, defendant CCP Plan finally responded by letter dated January 14, 2002. In this letter, Defendant CCP Plan affirmed its prior calculations as to Ms. Grace's years of service in the WPP and CBS Plan components.

35.    Because she was a full-time employee on the payroll records of her employer, as of the dates of the initial determinations by Defendant CCP Plan, *i.e.*, July 19, 2001 and July 26, 2001, Ms. Grace was entitled to approximately 16.6667 and 8 years of service under the Group W and CBS Plan components of Defendant CCP Plan, respectively. Notwithstanding the amount of service credit Ms. Grace was due as of July 2001, she continued to accrue service credit from that date through the present and nothing herein should be deemed a waiver of her right to receive such benefits.

**AS AND FOR PLAINTIFF'S CLAIM FOR RELIEF**
*(CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B))*

36.  Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a participant to bring suit to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of the plan and/or to clarify her rights to future benefits under the terms of a Plan.

38.  Prior to July 19, 2001, plaintiff that requested Defendants provide her a statement of her earned service credits and rights under the various component plans in which she was a participant.  In letters dated July 19, 2001 and July 26, 2001, Defendants provided plaintiff their determination as to her rights to receive benefits under the Plan.  Plaintiff objected to the determination of the defendant and requested clarification and review.  By letter dated January 14, 2002, Defendants affirmed their prior determination.

39.  By the acts and omissions set forth herein, the Defendants have violated and continue to violate the terms of the Defendant CCP Plan and each of the foregoing provisions of ERISA.  As a direct and proximate result of defendants' acts and omissions as alleged herein, Plaintiff has been or will be deprived of benefits to which she is entitled under Defendant CCP Plan.

40.  Plaintiff, therefore is entitled to benefits under the terms of such Plan and the relief as set forth below.

**PRAYER FOR RELIEF**

Plaintiff respectfully request this Court to:

1.  Declare that Defendants CCP Plan and Retire Committee of CBS Corporation, and each of them, have breached the duties, responsibilities and obligations imposed upon them by the applicable terms of the Defendant CCP plan established, administered and/or maintained by Viacom,

and have violated plaintiff's rights thereunder by engaging in the acts and/or omissions complained of herein;

2. Permanently enjoin the defendants, and each of them, from any further acts or practices in violation of the terms of the Plans;

3. Order the defendants, and each of them, to award plaintiff any service credits and benefits to which she is entitled under the terms of such Plans;

4. Declare the plaintiff's rights to receive future benefits under the terms of such plans;

5. Award plaintiff the costs of this action, including reasonable attorneys' fees;

6. Provide such other relief under the circumstances as this Court deems equitable and just.

Dated: White Plains, New York
July 19, 2007

**SAPIR & FRUMKIN LLP**

By: /s/William D. Frumkin
William D. Frumkin (WF 2173)
Attorneys for Plaintiff
399 Knollwood Road
White Plains, New York 10603
(914) 328-0366

F:\APPLICAT\WP\Grace\Complaint.ECF.wpd\rlh